UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL MONEGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>    Defendant. | Case No. 22-cv-04633-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Pro se plaintiff April Monegas has sued her former employer, the City and County of San Francisco (CCSF). Dkt. No. 9. In a first amended complaint (FAC), Monegas says that CCSF fired her as a Senior Administrative Analyst because she declined COVID-19 vaccination without a medical or religious exemption. *Id.* ¶¶ 28-35. Monegas alleges that this constituted disability discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* Dkt. No. 9 ¶¶ 43-151.

CCSF has asked to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 13. The parties' familiarity with the record is assumed, and the FAC is dismissed with leave to amend.

**LEGAL STANDARDS**

Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Monegas, as a pro se plaintiff, is entitled to a generous reading of her complaint, she is required to meet these standards, just like every other plaintiff. *See Choudhuri v. Specialized Loan Servicing*, No. 3:19-cv-04198-JD, 2019 WL 3323088, at *1 (N.D. Cal. July 24, 2019).

## DISCUSSION

The FAC, as it currently stands, does not meet these standards. To state a claim under the ADA, Monegas must allege that she is a qualified individual with a disability and that CCSF discriminated against her on the basis of that disability. *See* 42 U.S.C. § 12112(a); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001) (elements for claim of discrimination under Title I of the ADA). A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Arreola v. Cal. Dep't of Corr. & Rehab.*, No. 16-cv-03133-JD, 2017 WL 1196802, at *2 (N.D. Cal. Mar. 31, 2017).

Monegas has not plausibly alleged a disability. The FAC suggests only that CCSF may have regarded unvaccinated employees as a potential infection risk to others. *See, e.g.*, Dkt. No. 9 ¶¶ 13, 69, 101. That is not within the established understanding of a disability for ADA purposes. Nothing in the FAC indicates that Monegas had any physical or mental conditions of concern, or that CCSF discriminated against her on the basis of a physical or mental disability. This is not enough to maintain an ADA claim.

In addition, the claims are untimely on their face. The federal limitations period for bringing an ADA claim is 90 days from receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. §§ 12117(a), 2000e–5(f)(l); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). The 90-day deadline functions as a statute of limitations for an ADA claim. *Stiefel*, 624 F.3d at 1245. The start of the limitations period is

measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007).

The parties agree, and the exhibit attached to the FAC establishes, that Monegas received a right-to-sue letter from the EEOC via email on May 10, 2022. *See* Dkt. No. 9 at ECF pp. 84-85; Dkt. No. 13 at 4; Dkt. No. 14 at 2. The letter instructs that "[i]f you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice." Dkt. No. 9 at ECF pp. 84-85 (emphasis in original). The day that Monegas received the EEOC letter is excluded from the 90-day period under Rule 6. Fed. R. Civ. P. 6(a)(1)(A). Consequently, the 90-day period began on May 11, 2022, and expired on August 9, 2022.

Monegas says her suit is timely because she mailed her initial complaint on August 9, 2022. *See* Dkt. No. 14 at ECF pp. 11-13. But the rule is, "[w]hen papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam); *see also* Fed. R. Civ. P 5(d)(2) ("A paper not filed electronically is filed by delivering it:  (A) to the clerk; or (B) to a judge who agrees to accept it for filing."). The complaint was received by the clerk and filed on the docket on August 10, 2022, and so is untimely under 42 U.S.C. § 2000e–5(f)(l). Dkt. No. 1; Dkt. No. 14 at ECF p. 11. If Monegas chooses to amend, she should allege facts that might explain why the limitations period should be tolled, or that otherwise establish timely claims. *See Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986) (90-day filing period is "subject to equitable tolling in appropriate circumstances").

## CONCLUSION

The FAC is dismissed. Monegas may file an amended complaint by May 22, 2023. Failure to meet that deadline will result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated:  May 1, 2023

JAMES DONATO
United States District Judge

3