UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL MONEGAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>    Defendant. | Case No. 22-cv-04633-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Now before the Court is the motion to dismiss the second amended complaint filed by Defendant City and County of San Francisco (the "City"), erroneously sued as City and County of San Francisco Department of Public Health. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS the City's motion to dismiss.

**BACKGROUND**

Plaintiff April Monegas, appearing *pro se*, has sued her former employer, the City, for disability discrimination and retaliation in violation of the Americans with Disabilities Act (the "ADA"). Following dismissal of her claims with leave to amend, in her second amended complaint, Monegas maintains that the City fired her from the position of Senior Administrative Analysis because she declined to get the COVID-19 vaccine without a medical or religious exemption. (Dkt. No. 25, Second Amended Complaint ("SAC") ¶¶ 86-99.) Monegas alleges three causes of action: (1) discrimination in violation of the ADA; (2) retaliation in violation of the ADA: and (3) an imposition of "prohibited" tests, treatments, and inquiries upon her by the City.

In support of her first two claims, Monegas alleges that the City regarded her as disabled because of her refusal to get vaccinated against the COVID-19 virus, not that she was actually a disabled person living with a cognizable disability. With regard to her third claim, Monegas alleges that the City's mitigation efforts – including requiring COVID-19 testing, inquiring about vaccination status, and conducting health surveys – constitute unlawful disability-related inquiries and medical examinations under the ADA.

The Court shall address other relevant facts in the remainder of its order.

## ANALYSIS

### A. Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.  Lawsuit is Time-Barred.**

In its order dated May 1, 2023, this Court found this lawsuit to be time-barred as Monegas failed to initiate this action within 90 days of receiving her right-to-sue letter from the EEOC. The Court granted Monegas leave to amend her complaint by no later than May 22, 2023. (Dkt. No. 22, Order at 3.) The Court explicitly admonished Monegas that "[f]ailure to meet that deadline will result in dismissal with prejudice under Rule 41(b)." (*Id.*) The Court also instructed Monegas that if she chose to amend, "she should allege facts that might explain why the limitations period should be tolled, or that otherwise establish timely claims." (*Id.*, citing *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986).)

Monegas filed her second amended complaint on May 24, 2023, two days later than required by the Court's prior order. Again, Monegas sent the amended complaint by mail on the due date, but the receipt and filing was made two days later. Further, in the second amended complaint, she failed to allege any new facts that would justify an equitable tolling of the applicable limitations period. Monegas's supplementary submission merely reiterates that she mailed the original complaint on August 9, 2022, but that it was received by the Court on August 10, 2022. (Dkt. No. 26 at 2.) These are the same facts upon which the Court already found the

3

1  original complaint was late-filed. (Dkt. No. 22 at 3, citing *Cooper v. City of Ashland*, 871 F.2d
2  104, 105 (9th Cir. 1989) (per curiam); *see also* Fed. R. Civ. P. 5(d)(2) ("A paper not filed
3  electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for
4  filing.").)

5  Accordingly, on the basis that the second amended complaint was late-filed and the
6  original complaint initiating this lawsuit was similarly late for the same reasons, the Court
7  GRANTS the City's motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure
8  41(b). However, for the sake of being comprehensive, the Court addresses the merits of
9  Monegas's substantive claims as well.

**C.   First and Second Causes of Action for Violations of the ADA.**

Tot state a claim under the ADA, Monegas must allege that she is a qualified individual with a disability and that the City discriminated against her on the basis of that disability. *See* 42 U.S.C. § 12101(a); *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001). A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

In its previous order, the Court found that Monegas had alleged only that the City "may have regarded unvaccinated employees as a potential infection risk to others." (Dkt. No. 22, Order at 2.) The Court further held "[t]hat is not within the established understanding of a disability for ADA purposes. Nothing in the [first amended complaint] indicates that Monegas had any physical or mental conditions of concern, or that [the City] discriminated against her on the basis of a physical or mental disability. This is not enough to maintain an ADA claim." (*Id.*) In her second amended complaint, Monegas still fails to allege that she had a qualifying disability or was regarded as having a disability. Rather, Monegas again alleges that the City's vaccine policy regarded her as disabled.[1] (*See* SAC ¶¶ 117-19, 124, 127, 168, 174-75, 188-89, 209.) For the

---

[1] Monegas concedes in her separate filing that her first two claims under the ADA remain as previously pled without material modification and are reasserted merely to preserve her right to appeal. (Dkt. No. 26 at 4 ("[t]he two other counts of perceived disability remain as plaintiff intends to appeal as needed.").)

4

1  same reasons this Court had dismissed the claims as not cognizable under the ADA. (*See* Dkt. No.
2  22 at 2; *see also West v. Scott Laboratories, Inc.*, 22-cv-07649-CRB, 2023 WL 2632210, at *4
3  (N.D. Cal. Mar. 24, 2023) (gathering cases that find that having or being perceived as having
4  COVID-19 is not a disability cognizable under the ADA).) "Under the ADA, being regarded as
5  disabled does not apply to impairments that at 'transitory and minor,' or impairments with an
6  actual or expected duration of six months or less." *Lundstrom v. Contra Costa Health Servs.*, No.
7  22-CV-06227-CRB, 2022 WL 17330842, at *5 (N.D. Cal. Nov. 29, 2022) (citing 42 U.S.C. §
8  12012(3)(b)). Federal courts generally agree that COVID-19 infection does not qualify as a
9  disability. *See id.* (citations omitted). Because COVID-19 itself is generally transitory and
10 therefore not considered a disability under ADA, being perceived as having COVID-19 is
11 therefore also not a disability under the ADA. *See id.* The Court again GRANTS the City's
12 motion to dismiss these same two counts, this time with prejudice

### D. Third Cause of Action for Violation of ADA by Inquiries and Examinations.

14 Although not specifically granted leave to add a wholly separate cause of action, Monegas
15 alleges a new cause of action for violation of the ADA by the City for allegedly making prohibited
16 disability-related inquiries and subjecting City employees to prohibited medical examinations.
17 The Court has already held being unvaccinated against COVID-19 or being perceived as
18 potentially having COVID-19 does not qualify as a disability under the ADA. Accordingly, the
19 City's alleged inquiries as to an employee's vaccination status does not amount to a *disability*-
20 related inquiry recognized under the ADA. Furthermore, the EEOC expressly advised that
21 employer-mandated COVID-19 testing would meet applicable ADA standards during the peak of
22 the pandemic. *See West*, 2023 WL 2632210, n.7 (finding that EEOC policy at the outset of the
23 COVID-19 pandemic provided that "the ADA standard for conducting medical examination was
24 … always met for employers to conduct worksite COVID-19 viral screening testing."). If
25 screening testing complies with ADA guidelines, then it is similarly compliant to require
26 employees to complete COVID-19 health surveys over the relevant time period.
27 Also, the Court finds that Monegas has failed to allege facts plausibly demonstrating that
28 the City subjected her to prohibited medical examinations. Monegas defines a medical

examination as "a procedure or test that seeks information about an individual's physical or mental impairments or health." (SAC ¶ 218.) The requirements for City employees to get the COVID-19 vaccine, to wear masks, and to isolate when positive do not qualify as medical examinations under the ADA. Even if those instructions and conduct by the City were considered medical examinations, the EEOC expressly advised that COVID-19 medical examinations would always meet the applicable ADA standard if they were administered in 2021 or the first half of 2022, the relevant time period of this lawsuit (and the period of time coinciding that the height of the pandemic). *See West*, 2023 WL 2632210, n.7.

Accordingly, because the Court does not find that the claims are cognizable under the ADA, the Court GRANTS the City's motion to dismiss as to the third cause of action, with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion to dismiss the second amended complaint, with prejudice. A separate judgment shall issue and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
JEFFREY S. WHITE
United States District Judge